IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

EDWIN SANTIAGO,
FDOC Inmate No. G-777308,
    Plaintiff,

vs.                              Case No.:  5:17cv74/TKW/EMT

OFFICER DIKES,
    Defendant.
_____/

## **REPORT AND RECOMMENDATION**

Plaintiff, who proceeds pro se and in forma pauperis ("IFP"), commenced this action by filing a civil rights complaint under 42 U.S.C. § 1983 (ECF No. 1). By order entered October 2, 2019 (ECF No. 22), the undersigned directed the United States Marshals Service ("USMS") to serve process on the sole remaining Defendant, Officer Dikes, by mailing a copy of the Amended Complaint, a summons, and a copy of the court's order to Terri Strickland, the specially appointed process service at Northwest Florida Reception Center, Main Unit, where Plaintiff alleges Dikes is employed. The undersigned directed Ms. Strickland to serve the documents upon Dikes and to advise the court if Dikes was no longer employed at the institution or if she otherwise was unable to effect service of process. On January 17, 2019, Ms. Strickland filed a return of service indicating service of

process could not be effected because she did not have a first name for Officer Dikes and was "unable to find current/former officer with the name 'Dikes'" (ECF No. 24).

The court entered an order advising Plaintiff that Dikes could not be located and that if Dikes cannot be served, Plaintiff cannot proceed with his claims against Dikes (ECF No. 25). The court directed Plaintiff to show cause within thirty days why his claims against Dikes should not be dismissed based on the inability to effect service of process and advising that Plaintiff could comply with the show cause order by correctly identifying the Defendant in the event Plaintiff had misidentified the Defendant and by providing an address at which the Defendant can be served. The court further advised that failure to comply with the order would result in a recommendation of dismissal of Plaintiff's claims against Dikes.

Plaintiff did not respond to the show cause order within the time allowed. Considering the court has made every reasonable effort to serve Dikes and Plaintiff has not provided additional information through which the Defendant could be correctly identified in the event he was misidentified or an address at which the Defendant can be served, Plaintiff's claims against Dikes must be dismissed. *See Smith v. Belle*, 321 F. App'x 838, 845 (11th Cir. 2009) (unpublished) (affirming district court's dismissal of IFP plaintiff's claim against defendant for lack of service of process under Fed. R. Civ. P. 4(m)) (*citing Laurence v. Wall*, 551 F.3d 92, 94 (1st

Cir. 2008) ("The IFP plaintiff is, however, required to cooperate with the court and the United States Marshal in effectuating service, including providing the addresses of the named defendants . . . .")).

Accordingly, it is respectfully **RECOMMENDED**:

1. That this case be **DISMISSED without prejudice** for Plaintiff's failure to comply with an order of the court and inability to effect service of process.

2. That the clerk be directed to close the file.

At Pensacola, Florida, this 2nd day of March 2020.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636**.

Case No.: 5:17cv74/TKW/EMT